**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Cr. No. 88–0080–02.**

United States District Court,
District of Columbia.

Jan. 19, 1989.

---

### SEALED MEMORANDUM AND ORDER RE NORTH'S CIPA § 5 NOTICES

GESELL, District Judge.

Pursuant to Section 5 of the Classified Information Procedures Act ("CIPA") and prior Orders of the Court, North has noticed 300 classified documents [1] contained in two large boxes, indicating the count or counts of the indictment to which each document allegedly relates. (Defendant's Fourth CIPA § 5 Notice). He has also noticed a 162–page narrative statement which purports to summarize bits of classified information which he expects the defense will elicit in testimony. (Defendant's Third Notice Pursuant to Section 5 of CIPA (Testimony)). The narrative weaves together classified information relating to hundreds of topics or incidents, often in a rather disjointed fashion, and, because he was not ordered to do so, North does not tie this classified information to particular counts.

After examining the classified documentary and testimonial material, the Court has in most cases been unable to determine why North believes a particular document

---

1. The Court is including and has reviewed the four documents noticed by North January 17, 1989 after the Independent Counsel informed him that four documents noticed previously no longer contained any material that required redaction or substitution.

is relevant and material to the remaining counts. The government has indicated both orally and in writing its inability to relate the documentary materials to its understanding of the issues in the case.

During the course of two CIPA § 6 *in camera* hearings, the Court solicited the assistance of North's counsel in an effort to resolve questions of possible admissibility raised by the notices. Although North and his counsel have for some time been in possession of the full text of each of these classified documents, they have remained, in spite of the Court's urging, unwilling to advise the government, except occasionally in the most generalized terms, why they believe that a particular document or portion of a document is relevant, material and required in defending the case. North has continued to insist that without his assistance the government must review this mass of material, line-by-line or word-by-word, indicating the extent to which the government will contend that a particular portion of each document and proposed testimony should not publicly be disclosed in the interests of protecting national security. Such designations would, in turn, generate a protracted discussion as to whether each segment withheld could be presented in a satisfactory substitute form, and this would be followed by a long series of rulings as to relevance and materiality.

Against this background, it should be emphasized that North's CIPA § 5 notices of documents and testimony were prepared and filed at a time when the broad conspiracy allegations of Count One and Count Two were still in the case, and it is obvious that much of the material noticed was of primary significance to these counts and often only tangentially—if at all—related to other counts. Nonetheless, the Court was unable to persuade North to abandon or adjust his adamant position.

Confronted with the resulting legal gridlock as outlined above, the Court has determined to follow a course of action which looks toward final resolution of the questions of admissibility presented by the notices during trial rather than at pretrial. This approach is being taken in part because a trial is definitely scheduled to commence January 31, 1989 after lengthy postponements due to discovery and prior attempts to resolve CIPA problems pretrial; because trial subpoenas ad testificandum and duces tecum have been issued; and because even if the defense position could be clarified by protracted pretrial activity, developments at trial would undoubtedly change the basis on which pretrial rulings were reached.

*General Categories*

After considering the representations of counsel in the *in camera* hearings and personally examining the CIPA § 5 material, the Court will, accordingly, indicate in general terms categories of information in the notices it believes should be available to the defense, if any such information exists in the materials, and, conversely, it will indicate the information that may not be mentioned by defense counsel or brought into the trial in any way except without benefit of a further ruling. All references below are limited to classified information. Unclassified information is not involved.

▮ The defendant may introduce, without prior Order of the Court:

(I) Information showing or tending to show that the chronology was correct as to the entry of any item the government claims was incorrect. (Counts 13, 14, 16)

(II) Information showing or tending to show any statement North made during the inquiry by the Attorney General which the government claims was false was in fact correct. (Counts 14, 15)

(III) Information showing or tending to show any statement made in response to a congressional inquiry which the government claims was false was in fact correct. (Counts 4–7, 9, 13)

(IV) Information showing or tending to show any order, directive, instruction or regulation North claims required or compelled him to respond falsely to any challenged statement or entry involved in (I), (II) or (III) above.

(V) Information showing or tending to show that any document the government

alleges North destroyed was not in fact destroyed by him. (Counts 13, 14, 16).

(VI) Information showing or tending to show that private funds alleged to be raised in order to provide military assistance to the contras from a designated contributor with the aid of North were, in fact, entirely used for purposes consistent with the tax exemptions. (Count 23).

(VII) Information showing or tending to show that North's intent and purpose was not to violate the law at the time.

(VIII) Information showing or tending to show that any statement made by a government witness during the trial is false or misleading, provided the information defendant seeks to introduce was reasonably within his knowledge or duties at the time. North will be permitted by cross-examination to introduce other information if the Court finds it appropriate to rebut direct testimony or to undermine the credibility of a witness called by the government.

### *Further Specific Rulings*

As stated above, the defendant has not indicated what portions of its noticed documents are relevant, and the government has not yet been asked to parse each classified document to determine what portions it will seek to withhold at trial. The Court has noted that some documents containing possibly relevant data also contain wholly unrelated, very sensitive classified information. If and when during the trial it appears that a portion of a document is appropriately needed by the defense and the portion is readily severable from the rest of the text without jeopardizing separate classified information, it may be excised and used for purposes of the trial with the government's consent. If consent cannot be obtained, or if the segment is not readily severable, the Court will explore two alternatives for dealing with the relevant portion of the document. It will accept a stipulation as to a particular date or fact if tendered at the time at the bench by the government in a form satisfactory to the defense, or it will withhold the text entirely if the government represents that it will

present the pertinent information through testimony in unclassified form or demonstrates to the satisfaction of the Court that the particular fact has already been established as a matter of record.

The Court wishes to emphasize in this connection that it has no intention of permitting a massive classified document containing a wide variety of facts and information to be introduced into evidence because at some point somewhere in the papers there emerges a reference to a significant date or event which is relevant and material to the defense. Classified information shall not be shoehorned into this case through any such approach by resort to the rule of completeness or the like.

The Court does not view the trial as involving any details of the lawful or unlawful aspects of the hostage initiative or North's conduct in working on such matters. Nor is it a trial concerning whether or not President Reagan's policies with respect to support of the contras were legally or factually justified, unjustified or otherwise. This is a trial of the relatively discrete counts that still remain. It can be conducted fairly, in a nonpolitical atmosphere, without undue reference to national security matters and without incessant interruption to raise issues of national security. Without attempting to deal with all the issues North raised, a few specific rulings on issues presented by his CIPA § 5 notices may serve to clarify these comments. For example:

■ (1) In the absence of an appropriate stipulation, the defendant shall be entitled to present information from classified materials noticed, if any exist, to establish that any member of the National Security Council, the National Security Advisor, or the then-President or then-Vice President instructed, directed, or openly encouraged or condoned defendant's alleged concealment and incorrect responses as designated by the government under Counts 4–7, 9, 13–16, provided such information can be extracted from Washington, D.C. working documents and only to the extent that the statements not refer in any detail to events and incidents occurring outside of Wash-

ington in Central America or elsewhere. In the absence of a stipulation, this determination permits North to divulge information, if any exists, relating to official concealment and the administration's direct involvement with third countries on a quid pro quo or other basis to provide continued military assistance to the contras. The parties are advised that the Court will continue to attempt to safeguard foreign persons, countries and other details underlying any such third-party arrangements but can do so only to the extent that by candid admission or stipulation the true nature and effect of such arrangements will be presented in knowledgeable form to the jury.

▆▆▆▆(2) North's proposed presentation of intelligence reports concerning the activities of other foreign countries and the attitudes of their leaders regarding the contras add nothing to the case when they were uninvolved in U.S. projects for supplying arms.

(3) The Court has determined and defendant is now so advised that documents numbered 161, 283, 284, 286–291, 293 [2] will not be received in evidence in full text under any circumstances. If selected portions are later ruled to be relevant and material, they will be used only in substitute form. The Court will require the government to accept whatever substitutions it approves or develops after consulting counsel on both sides.

(4) While the general nature of the hostage release initiative needs to be sketched, there is no reason to place into the record details concerning the people involved, the various intricacies of the negotiations, the changing reasons for tactical decisions, and factors that may or may not have influenced any outcome of the negotiations. No aspect of North's general involvement in the hostage release efforts or Iran initiatives is now claimed to have been illegal for purposes of the trial.

(5) While the defense is entitled to present legal opinions that may bear on North's reason to believe that conduct challenged in any remaining count was lawful, there is no reason to interlard with any opinions the details of underlying covert or other classified activities that prompted the opinion, such as that involving the [omitted by Court] incident.

(6) While the trial may require some summary presentation, non-classified in character, concerning the conduct of covert activities generally, there is no need to present classified information disclosing the details of any such operation, the meetings that were had, the codes and project names used, the individuals carrying them out and proof bearing on their need, their success, or their failure.

▆▆▆▆ (7) Similarly, as to count 20, which involves North's alleged acceptance of a gratuity from Secord and Hakim for official acts of North, if the defense believes it necessary to demonstrate that North was engaged in anti-terrorist activities for the United States and was physically at risk, he may do so, describing the problems in general terms and using non-classified broadcast and other data publicly available. North has no basis, however, to claim that the allegations of Count 20 necessitate introducing a full account of various terrorist activities and details of his activities in efforts to suppress them.

▆▆▆▆ (8) The defendant may bring forward non-classified information or even limited classified information indicating the extent of the administration's efforts and commitment to encourage private giving by various third party groups. Yet administration involvement again provides no basis for introducing classified information concerning the details of how the money was spent, what channels were used, what procedures were adopted for making the aid effective in Nicaragua, or the official monitoring of any private activities in Central America.

▆▆▆▆ (9) Similarly, defendant is entitled to present specific instances demonstrating

---

**2.** Document #292 was also an [omitted by Court] but it has been replaced by the Casey briefing book, pursuant to defendant's request dated January 5, 1989.

that members of Congress leaked classified information to the public, but unless those assertions are challenged by the government, the precise details of the classified information leaked shall not be part of this case.

 (10) North will not be permitted to attempt to find justifications for alleged inaccuracies in statements to specific inquiring congressmen by claiming he relied on the fact that other members of Congress by reason of their official duties, trips or otherwise knew or must have known that the statements he was making were inaccurate.

Exigencies of trial, particularly the rigors of cross-examination, may require revisions of these guideline rulings in specific situations.

This memorandum is for use of counsel and shall be referred to during trial by reference to a particular page or numbered paragraph without stating the ruling publicly.

SO ORDERED.